No. 4972.

(Court of Appeal, Parish of Orleans.)

## P. M. BARRIGUAND vs. PAULINE CISTAC.

Legier & Gleason for plaintiff and appellee.

P. L. Fourchy for defendant and appellant.

Dinkelspiel, Hart & Davey attorneys.

ST. PAUL, J.—This controversy began by an executory process taken by plaintiff on three promissory notes, each for the sum of three hundred dollars, one of which plaintiff admits has been reduced by payments to the sum of $151.00, making the amount of his claim $751, on which he admits that the interest has been paid to May 26, 1909, date of filing suit.

Defendant enjoined the seizure, alleging that on or before March 17, 1904, the whole indebtedness had

been extinguished by payments which in point of fact exceed the full amount due by $8.67.

The judgment of the Court a qua fixed the amount of the defendant's indebtedness at $413.00 and defendant has appealed. Plaintiff has answered the appeal praying that the judgment be increased to the full amount claimed.

The original indebtedness consisted of four notes dated August 26, 1901, and payable at one, two, three and four years, each for the sum of $300.00, aggregating therefore $1,200.00, and bearing interest at 6% from date, and it is admitted that certain payments were made, but neither party pretends that in making such payments any distinction was drawn between capital and interest, said payments being simply on account.

As a witness, plaintiff admitted that he had received in all four payments, as follows: June 8, 1903, $100.00; June 21, 1903, $100.00; August 21, 1903, $100.00; and October 2, 1903, $487.00; aggregating altogether $787.00.

Therefore it results from his own testimony that on October 2nd, 1903, the account between the parties stood as follows:

| | |
|---|---:|
| August 26, 1901, Four notes | $1200 00 |
| Interest at 6% on $1,200 to June 8, 1903, one year and 280 days $72 and $56 | 128 00 |
| Total capital and interest due June 8, 1903 | 1,328.00 |
| Paid on account June 8, 1903 | 100.00 |
| June 8, 1903, balance due | 1,228.00 |
| Interest at 6% on $1,200 to June 21, 1903, 12 days | 2.40 |
| Total Capital and interest due June 21, 1903 | 1,230.40 |
| Paid on Account June 21, 1903 | 100.00 |
| June 21, 1903, balance due | 1,130.40 |

Interest at 6% on $1,130 to August 21, 1903,
60 days ................................ 11.30

Total Capital and Interest due Aug. 21, 1903.. 1,141.70
Paid on Account August 21, 1903............ 100.00

August 21, 1903, Balance due................ 1,041.70
Interest at 6% on $1,041 to Oct. 2, 1903, 41 days 6.94

Total Capital and Interest due Oct 2, 1903..... 1,048.64
Paid on Account, Oct. 2, 1903................ 487.00

October 2, 1903, balance due................. $561.64

The result was that two of the notes were then extinguished in full, leaving unpaid only the third and fourth notes, the former however being reduced to $261.64 and the interest on both being paid to said day.

Plaintiff's claim should therefore have been for $561.64, with interest at 6% from October 2, 1903. It is evident, however, that by demanding $751.00 with interest from date of suit only that he has simply added interest to the $561.64 to the date of filing suit—i. e., interest at 6% on $561.00 for five years and 236 days, making $189.80, which, added to the $561.64, makes $751.44.

But the effect of bringing his demand in this shape was that payments had been imputed to interest not due or accrued at the time the payments were made **(C. C., 2164)**, and in consequence interest was being claimed on interest from judicial demand **(C. C., 1939)**. On the other hand, plaintiff's admission that all interest had been paid to judicial demand must be taken in the light of these erroneous imputations of the amount received.

Defendant in his sworn petition for injunction sets forth that the whole indebtedness had been extinguished on and before March 17, 1904, which payments in point of fact exceeded the indebtedness by $8.67. The method

by which he reached these figures is set forth in the document D8, as follows:

| | | |
|---|---:|---:|
| August 26, 1901, loan | | $1,200.00 |
| Interest to August 26, 1902 | | 72.00 |
| Total | | 1,272.00 |
| August 26, 1902, Paid | | 318.00 |
| Balance | | 954.00 |
| Interest to August 26, 1903 | | 57.24 |
| Total | | 1,011.24 |
| Paid on Account, June 18, 1903 | $100.00 | |
| Paid on Account, June 22, 1903 | 100.00 | |
| Paid on Account, August 21, 1903 | 100.00 | 300.00 |
| Balance | | 711.24 |
| Interest to October 2, 1903 | | 5.31 |
| Total | | 716.55 |
| Paid on Account, October 2, 1903 | | 487.00 |
| Balance | | 229.35 |
| Interest to March 17, 1904 | | 6.78 |
| Total ... (Sic) | | 236.33 |
| Paid on Account, March 15, 1904 | $147.00 | |
| Paid on Account, March 17, 1904 | 98.00 | 245.00 |
| Over Paid ... (Sic.) | | 8.67 |

All the credits herein claimed accord with those admitted by plaintiff except that of August 26, 1902, and those of March 15 and March 17, 1904.

On the trial of the case defendant made an effort to show an additional payment of $480.00 on March 22, 1904, five days after the whole debt had been extinguished according to his sworn petition and his statement on file. The effort was unsuccessful.

No evidence whatsoever was offered to show any payment on August 26, 1902, and the only question which offers any difficulty is whether the proof establishes that defendant is entitled to credit for two payments on March 15 and March 17, 1904, aggregating $245.00.

Now, of the four payments admitted by plaintiff, three were made to himself and for these he gave receipts reciting on their face that they were payments on the note. The other payment, that of August 21, 1903, was made to plaintiff's business partner, since deceased, who gave a receipt for same without stating on what account it was received. Plaintiff admits that his partner was authorized to receive payments on the note, and that he knew of this particular payment.

Now, the two payments of March 15 and March 17, 1904, aggregating $245.00, are evidenced by the two receipts in the same form and signed by the same person as the one last mentioned.

But plaintiff claims that these two payments were not on account of the notes but upon an account current for feed purchased by defendant, and the substance of his testimony is that his partner was honest and correct, and had the payments been made on account of the notes he would have been advised thereof, but he does not remember that he was ever so advised.

We are of opinion that when defendant showed a payment made during the existence of the only obligation of which the Court has any proof, the burden was shifted to plaintiff to show positively that credit had already been given either on that or on some other obligation, and plaintiff has not met this burden.

His testimony in effect amounts to this, that for the reasons stated, he is convinced that defendant must have made these two payments and received credit on the feed account. But plaintiff does not pretend to know, as a fact, that such credits were given, and although he keeps

books in his business he has neither produced them nor ascertained whether any such credits were actually given.

And as to the actual status of these notes, plaintiff seems to have relied entirely on his memory and the receipts which were given to defendant; and although he had held the notes over eight years, and received several payments thereon, he had never marked a credit upon them or endeavored to ascertain just how matters stood between himself and defendant.

Conceding plaintiff's entire good faith, and that of his partner, we do not see that plaintiff has met the burden of proof that was upon him, and we allow these two credits.

After these credits the account beween the parties stands as follows:

| | |
|---|---:|
| October 2, 1903. Balance Due.............. | $561.64 |
| Interest at 6% on $561.00 to March 15, 1904, 164 days ............................... | 14.96 |
| | |
| Total Capital and Interest Due March 15, 1904.. | 576.60 |
| Paid on Account, March 15, 1904.... $147.00 | |
| Paid on Account, March 17, 1904.... 98.00 | 245.00 |
| | |
| March 17, 1904, balance due................ | $331.60 |

But if to this we add interest to the date of filing suit, May 26, 1909, say interest at the rate of 6 per cent. on $331 for four years and seventy days, making $83.30, we find that the amount actually due plaintiff on May 26, 1909, was $414.90, being $331.60 balance due on the capital of the notes and $83.30 due for accrued interest; the $331.60 continuing to bear interest from that date, and the $83.30, bearing no interest. **(C. C., Art. 1939.)**

The judgment must, therefore, be amended to accord with these views, the net result being slightly favorable to appellant and, therefore, throwing the costs of appeal on appellee.

It is, therefore, ordered that the judgment appealed from be amended so as to fix the amount due by defendant to plaintiff, and to be recovered in these proceedings at the sum of $414.90 with interest at 6 per cent. per annum on $331.60 from May 26, 1909, until paid, and ten per cent. attorney's fees on the whole, instead of at $413.00, with interest and attorney's fees, and that as to all other items and in all other respects said judgment be affirmed, plaintiff and appellee to pay costs of this appeal.